

# KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

December 21, 2015

Raymund A. Paredes, Ph.D.
Commissioner of Higher Education
Texas Higher Education Coordinating Board
Post Office Box 12788
Austin, Texas 78711

Opinion No. KP-0053

Re: Eligibility for forgiveness of a B-On-Time loan (RQ-0034-KP)

Dear Commissioner Paredes:

You have requested an opinion regarding whether the Higher Education Coordinating Board (the "Board") should forgive a B-On-Time loan under particular circumstances.[1] Through chapter 56, subchapter Q of the Education Code, the Legislature created the Texas B-On-Time Loan Program, the purpose of which is "to provide no-interest loans to eligible students to enable those students to earn baccalaureate degrees at public and private or independent institutions of higher education in this state."[2] The Legislature has further authorized students who have received a Texas B-On-Time loan to have that loan forgiven if certain requirements are met. Be-On-Time Act § 56.462, 2003 Tex. Gen. Laws at 2272–73 (amended 2005 and 2013). Section 56.462 includes two separate scenarios that would allow for loan forgiveness. *Id.* Subsection (1) allows for forgiveness for students who earn a degree within a set period of time. *Id.* Subsection (2) allows for forgiveness for students who earn a degree without exceeding the statutory limit of semester credit hours, regardless of the amount of time spent in pursuit of the degree. *Id.* The relevant language of section 56.462 states:

> A student who receives a Texas B-On-time loan shall be forgiven the amount of the student's loan if the student is awarded a baccalaureate degree at an eligible institution with a cumulative grade point average of at least 3.0 on a four-point scale or the equivalent:
>
> . . .

---

[1]*See* Letter from Raymund A. Parades, Comm'r of Higher Ed., to Honorable Ken Paxton, Tex. Att'y Gen. at 3 (July 14, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

[2]Act of June 1, 2003, 78th Leg., R.S., ch. 779, sec. 1, 2003 Tex. Gen. Laws 2270, 2270–73, *amended by* Act of May 26, 2005, 79th Leg., R.S., ch. 1230, §§ 9–11, 2005 Tex. Gen. Laws 3972, 3976–77, *and* Act of May 26, 2013, 83d Leg., R.S., ch. 1155, §§ 14–21, 2013 Tex. Gen. Laws 2853, 2857–60 (the "B-On-Time Act" or "Act"), *repealed by* Act of May 22, 2015, 84th Leg., R.S., ch. 1243, secs. 6(d), 8(3), 2015 Tex. Gen. Laws 4195, 4197–98.

(2) with a total number of semester credit hours, including transfer credit hours and excluding hours earned exclusively by examination, hours earned for a course for which the student received credit toward the student's high school academic requirements, and hours earned for developmental coursework that an institution of higher education required the student to take under Section 51.3062 or under the former provisions of Section 51.306, that is not more than six hours more than the minimum number of semester credit hours required to complete the degree.

*Id.*

You explain that a particular student has applied for forgiveness of a loan under subsection (2) after obtaining "a baccalaureate degree that required 120 credit hours . . . with a grade point average . . . of 3.03 and with 121 credit hours, more than ten percent . . . of which were awarded on the basis of 'Life/Work Experience.'" Request Letter at 3. You explain that under normal circumstances, the loan might be forgiven pursuant to section 56.462(2) of the Be-On-Time Act. *Id.* You also note, however, that the student took "36 credit hours at a different public university during the same time frame, ostensibly to obtain or maintain a job with the student's employer."[3] *Id.* You suggest that some of those hours may have been considered by the institution that awarded the degree in crediting the student hours for "Life/Work Experience." *Id.* You inform us that the hours for Life/Work Experience are included in the 121 credit hours that the student received, being only one more than the number required for the student's degree. *See id.* You question, however, whether the additional hours taken to maintain employment disqualify the student from loan forgiveness. *Id.* You therefore ask whether the Board should forgive the student's B-On-Time loan or whether the Board should instead require repayment. *Id.*

Section 56.462 provides some guidance as to how to calculate the "total number of semester credit hours." Be-On-Time Act § 56.462, 2003 Tex. Gen. Laws at 2273 (amended 2005 and 2013). The Legislature has provided that "transfer credit hours" shall be included in calculating a student's total number of semester credit hours. *Id.* Section 56.462 does not define the term "transfer credit hours," but another provision in the Education Code using similar language explains that such hours "count toward the person's undergraduate degree." TEX. EDUC. CODE § 54.2001(b). Thus, the Legislature likely intended the term "transfer credit hours" in section 56.462 to refer to hours earned at another educational institution that the institution where the baccalaureate degree is earned recognizes and grants credit for undergraduate degree purposes. Based on your description, along with briefing submitted to this office, it appears that the institution from which the student graduated did not give credit for, or transfer, additional hours

---

[3]Briefing submitted to this office on behalf of the student states that the student was employed by the San Antonio Fire Department, which required and paid for him to take thirty-six hours of paramedic training. Letter from Franklin Hopkins to Virginia Hoelscher at 4 (Aug. 17, 2015) (on file with the Op. Comm.) ("Hopkins Brief").

beyond those included in the 121 credit hours.[4] Therefore, the thirty-six additional hours about which you ask would not constitute transfer credit hours.

The Legislature has also explained that certain credit hours should not be included in the calculation of total number of semester credit hours. Be-On-Time Act § 56.462, 2003 Tex. Gen. Laws at 2273 (amended 2005 and 2013). In particular, "hours earned exclusively by examination, hours earned for a course for which the student received" high school credit, and "hours earned for developmental coursework that an institution of higher education required the student to take" to address a student's deficiencies in the student's readiness to perform freshman-level academic coursework shall not be included in the calculation. *Id.*; *see also* TEX. EDUC. CODE § 51.3062(i) (concerning developmental coursework). The thirty-six additional hours taken at a different university during the time the student obtained a baccalaureate degree would not fall into a category of hours that the Legislature has expressly excluded from the calculation of total hours.

Thus, section 56.462 is silent as to whether the calculation of "total number of semester credit hours" should include credit hours earned at a different educational institution than the one that awarded the degree and that are not counted towards the baccalaureate degree awarded. Be-On-Time Act § 56.462, 2003 Tex. Gen. Laws at 2273 (amended 2005 and 2013). However, all of the categories of credit hours addressed by the Legislature relate back to the specific "baccalaureate degree [awarded] at an eligible institution." *Id.* All are credit hours either awarded by the degree-granting institution or at least counted by the degree-granting institution in awarding the degree. Based on a reading of the statute as a whole, a court would likely conclude that the Legislature did not contemplate including in the calculation of total number of semester credit hours any hours for which the degree-granting institution did not give credit. A court would therefore likely conclude that additional credit hours taken at an institution other than the one awarding the baccalaureate degree that do not cause the total hours credited to the student by the institution awarding the baccalaureate degree to exceed the statutory limit and that were taken for the purpose of maintaining a job with the student's employer do not disqualify the student from having a B-On-Time loan forgiven under section 56.462 of the Act.

---

[4]*See* Request Letter at 3 (explaining that the student graduated with 121 credit hours for a degree that required 120 hours to complete); Hopkins Brief at 3 (explaining that the institution from which the student graduated "only counted . . . 121 hours").

## S U M M A R Y

A court would likely conclude that additional credit hours taken at an institution other than the one awarding the baccalaureate degree that do not cause the total hours credited to the student by the institution awarding the baccalaureate degree to exceed the statutory limit and that were taken for the purpose of maintaining a job with the student's employer do not disqualify the student from having a B-On-Time loan forgiven under section 56.462 of the Act.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee
Assistant Attorney General, Opinion Committee